# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DEANDRE DAVIS, )
)
      Plaintiff, )
)
v. ) Case No. 05-1034-WEB
)
JO ANNE B. BARNHART, )
Commissioner of the )
Social Security Administration, )
)
      Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's "Motion to Set Aside Wrongful Offset." The motion, pursuant to Rule 60(a), seeks an order setting aside what plaintiff contends was a wrongful administrative offset of an EAJA fee previously ordered by the court.

    I. Background

After an administrative judge and the Appeals Council denied plaintiff's initial application for Childhood Disability Insurance and Supplemental Security Income Benefits, plaintiff filed a complaint in this court. The court subsequently entered an agreed-upon order reversing and remanding the matter to the agency. On remand, Plaintiff was again denied relief by an administrative judge and was denied review by the Appeals Council. Plaintiff again appealed the decision to this court. The matter was referred to a Magistrate Judge, who recommended that the decision of the Commissioner be reversed and the case be remanded with directions to award plaintiff disability benefits. This court adopted the Magistrate's Report and

1

Recommendation. Plaintiff subsequently filed a Motion for Attorney Fees under the EAJA. On February 9, 2006, the court signed an agreed-upon order submitted by the parties which directed that "pursuant to 28 U.S.C. § 2412, Plaintiff is granted attorney's fees under the EAJA in the amount of $5,620.32." Doc. 21.

Thirteen months later, on March 13, 2007, plaintiff filed the instant motion. The motion asserts that on March 10, 2006, a notice from the U.S. Department of Treasury was sent to plaintiff in care of his counsel advising that pursuant to federal law the Treasury had applied the entire $5,620.32 to a child support debt owed by plaintiff. Plaintiff now asks the court enter an order setting aside the offset of the EAJA fee, and further requests correction of the EAJA order to include the words, "That the EAJA fee should be made payable to plaintiff's attorney."

II. Review of Authorities.

The Equal Access to Justice Act (EAJA) was enacted to ensure people would not be deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in pursuing their rights. Under the Act, reasonable attorney fees are generally awarded "to a prevailing party" in a civil action involving the United States unless the position taken by the United States was substantially justified. *Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989). *See* 28 U.S.C. § 2412(d)(1)(A).

An offset to Federal benefit payments is authorized by federal law. An administrative offset, or an offset to collect debts payable to the United States, is subject to limits, notification and fees pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716(c)(1)(A); 31 C.F.R. § 285.4. The Treasury has the statutory authority to offset a debt from payments made by federal agencies. If an erroneous offset payment has been made, the disbursing official may

deduct the amount of the erroneous offset payment from the future amounts payable to the creditor agency. Alternatively, upon the disbursing official's request, the creditor agency shall return promptly to the disbursing official or the affected payee an amount equal to the amount of the erroneous payment. The disbursing official and the creditor agency shall adjust the debtor records appropriately. 31 C.F.R. § 285.4(h).

Rule 60(a) of the Federal Rules of Civil Procedure provides in part that "clerical mistakes" and "errors ... arising from oversight or omission" in orders may be corrected at any time by the court of its own initiative or on motion of a party. Rule 60(b)(1), on the other hand, provides in part that the court may relieve a party or party's attorney from a final judgment, order or proceeding based on grounds of mistake, inadvertence, surprise or excusable neglect, provided the motion for relief is made within a reasonable time not to exceed one year after the order was entered.

A few recent cases have addressed attempts by social security claimants to obtain judicially-ordered relief from governmental offsets to EAJA fee awards.

In *Dixon-Townsell v. Barnhart*, 445 F.Supp.2d 1283 (N.D. Okla. 2006), the district court found the plaintiff's motion to set aside an offset was properly asserted under Rule 60(a). The court said its prior order for EAJA fees, which had been submitted by plaintiff's counsel, "contained erroneous language in that it granted EAJA attorney fees to Plaintiff and not Plaintiff's counsel." *Id*. at 1284. The court characterized this as a "clerical mistake," and directed that the order be amended to reflect that payment of the EAJA fee should be to plaintiff's counsel. The court relied on *Dearest v. Manspeaker*, 948 F.2d 665, 656 (10th Cir.1991), in deciding there was no authority to grant plaintiff rather than plaintiff's counsel

3

attorney fees, and it noted the intent of the EAJA was to compensate the plaintiff's attorney for the work completed, not to generate income for the claimant. The court further found the Treasury's offset was subject to being set aside by the court, and that the Commissioner had the authority to retrieve the funds from the creditor to whom the payment went.

In *Manning v. Barnhart*, No. 04-021-SPS (E.D. Okla., Oct. 27, 2006), the plaintiff filed a Rule 60(a) motion under facts similar to the instant case. A magistrate judge found as an initial matter that the motion should have been asserted under Rule 60(b)(1) rather than 60(a), because the court's order awarding EAJA attorney's fees to directly to the plaintiff was intentional and not a clerical error. The court further held that under the EAJA's language allowing an award of attorney fees "to a prevailing *party*," the plaintiff rather than her lawyer was the proper recipient of the fees. *See* slip op. at 3 (*citing McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006) (an EAJA award is to the claimant, not counsel)). Accordingly the court denied the plaintiff's motion to set aside the offset. Although the court was "not unsympathetic" to the effect of its ruling, it said the clear language of the EAJA required that the award be made to the plaintiff, and that to do otherwise would be to decide or circumvent issues not properly before the court, such as the right of the United States to offset against an EAJA fee award and whether the plaintiff's attorney has an enforceable lien with priority over the government's right of offset.

In *Reeves v. Barnhart*, 473 F.Supp.2d 1173 (M.D. Ala. 2007), the court similarly held that the EAJA fees had been correctly ordered paid directly to the plaintiff – with the result that the payment was subject to setoff under the Debt Collection Act – by virtue of the language of the EAJA. The court found the "offset of the award was conducted in accordance with applicable legislative and regulatory authorities, and there are no grounds for the reissuance of the award

directly to Plaintiff's attorney." The court suggested that *Dixon-Townsell v. Barnhart,* in ruling otherwise, had misconstrued case law prohibiting EAJA attorney fee awards directly to *pro se* plaintiffs.

    III.  Discussion

Plaintiff relies upon Rule 60(a) as the basis for correction of the previous order. "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). Such a motion, however, may not be used to change something that was deliberately done even though it was later discovered to be wrong. *Id.*

The court cannot find on this record that its prior order directing payment of attorney fees to the plaintiff was a "clerical mistake" or an "error arising from oversight or omission." The court purposely adopted the order agreed to by both of the parties, and the language of that order was consistent with the language of the EAJA. Moreover, the order is consistent with the Tenth Circuit's subsequent interpretation of the EAJA. *See McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) ("an EAJA award is to the claimant, while counsel receives an SSA award. See 28 U.S.C. § 2412(d)(1)(A) (making award to 'a prevailing party'); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits))." Although counsel undoubtedly would have sought a different order had he anticipated the administrative offset to the EAJA award, the court does not believe this constitutes the type of error that can be corrected at any time under Rule 60(a). *See Wright and Miller, Federal Practice and Procedure: Civil § 2854* (A clerical mistake must not be one of judgment or even of misidentification, but merely of

recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.).  Mistakes qualifying under Rule 60(a) encompass such things as "misprisions, oversights and omissions, unintended acts or failures to act."  *United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir.1997) (quoting 6A Moore's Federal Practice ¶ 60.06(1), p. 4042(2d ed.1966)).  Rule 60(a) thus provides no grounds for relief.  Additionally, the broader provisions for relief under Rule 60(b)(1) – which allow relief from "mistake" and "excusable neglect" – cannot be invoked here, given that the instant motion was filed more than one year after entry of the order.

VI.  Conclusion

The court finds the language in the plaintiff's Motion for Attorney Fees and Order on Motion for Attorney Fees did not contain a clerical error.  The Motion and the Order contained specific language regarding the EAJA and attorney fees.  It was thirteen months after the Order, when plaintiff's attorney realized the fees were offset and distributed to another agency, when he filed his Motion to Set Aside Wrongful Offset.  The statutory language of the Equal Access to Justice Act dictates the award for fees and expenses belong to the prevailing party, not the attorney of the prevailing party.  Cases in the Tenth Circuit as well as other Circuits have upheld this interpretation of the statute.  Administration offsets are authorized under the Federal Regulations, and the offset of the EAJA award is allowed by law.

IT IS THEREFORE ORDERED the plaintiff's Motion to Set Aside Wrongful Offset (Doc. 22) is denied.

SO ORDERED this 14th day of August, 2007.

 s/ Wesley E. Brown  
Wesley E. Brown, U.S. Senior District Judge

7